# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BOBBY J. STROUP, | 3:10-cv-00562-HDM-WGC |
| Plaintiff, | **ORDER RE MOTIONS** |
| vs. | |
| GREGORY MARTIN, *et al.*, | |
| Defendants. | |

Pending before the court are two motions.

## I. Motion for Extension of Time (Doc # 23)

First, the court will address plaintiff's "Motion for Rule 56(f) Continuance – Plaintiff's First Request for a Continuance" (Doc. #23), which the court will interpret as a motion for extension of time to oppose defendants' Motion for Summary Judgment. Although plaintiff does not ask for a specific period of time within which to file a response, good cause appears to allow a sixty (60) day extension, which will run from the date of this order. Therefore, Plaintiff's Motion (Doc. #23) is **GRANTED**. Plaintiff shall have until **January 22, 2012**, within which to file his response to defendant's Motion for Summary Judgment.

## II. Defendant's Motion to Seal (Doc. #18)

The court will now address defendants' Motion to Seal. (Doc. #18.) Defendants have filed a motion for summary judgment (Doc. #17) and seek to maintain medical records filed with the motion (Exhibit B) under seal because they are deemed to be "confidential documents" under certain Nevada Department of Corrections (NDOC) Administrative

Regulations. Defendants' motion for summary judgment, if granted, would be a dispositive motion. Therefore, the motion to seal is governed by the "compelling reasons" standard set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th. Cir. 2006).

In *Kamakana*, the Ninth Circuit noted that "historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 1178 (internal quotation marks and citation omitted). Certain documents that have been traditionally kept secret, such as grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which "provide[s] that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). As the Ninth Circuit explained, "[t]he relevant standards for purposes of Rule 26(c) is whether 'good cause' exists to protect th[e] need for confidentiality." *Id.* (internal quotation marks and citation omitted). The good cause standard is not limited to discovery and also applies to nondispositive motions. *Id.* at 678.

However, a motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, on the other hand, is governed by the higher "compelling reasons" standard. *Pintos*, 650 F.3d at 678. The "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178-79). The trial court must weigh relevant actors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n. 6 (internal

1  quotation marks and citation omitted).

2  Applying the "compelling reasons" standard, the court does not find medical records
3  to be necessarily "confidential" – particularly in an action the subject of which is an alleged
4  deliberate indifference to serious medical needs. Therefore, that contention would not
5  establish a "compelling reason" to seal the medical records.

6  However, defendants also rely on Administrative Regulation 639 which prohibits
7  inmates from possessing copies of medical records in the inmate's cell. The defendants
8  suggest if the records are not under seal, the inmate could gain access to medical records in
9  his cell.[1] The defendants do not describe the rationale for not allowing an inmate to have his
10 medical records but the court understands the purpose of prohibiting possession of such
11 materials is based on security concerns, mainly for the inmate's own safety. In the context
12 of the instant matter, the court finds that while "compelling reasons" based on security or
13 safety concerns may exist for sealing Exhibit B, the medical records, the defendants only
14 barely provide the court with the necessary "factual findings" to support those "compelling
15 reasons." Nevertheless, the order of the court is that defendants' motion (Doc. #18) is
16 **GRANTED** and Exhibit B shall be filed under seal.

17 In the future, however, counsel for NDOC employees who seek to file exhibits in
18 dispositive motions under seal shall strive to comply with the dictates of *Kamakana*. In such
19 matters, counsel shall provide the court with "compelling reasons supported by factual
20 findings" that will allow the court to determine the defendant(s) have met their burden of
21 establishing that the presumption in favor of public access has been overcome.

23 **IT IS SO ORDERED.**
24 Dated: November 22, 2011.

26 UNITED STATES MAGISTRATE JUDGE

---

28  [1] The inmate may send an "Inmate Request" to prison officials to allow him to review the exhibit which is maintained "in a safe and secure place outside of the plaintiff's cell... ."  (Doc. #18, p. 2.)

3